Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Caitlin J. Scott, Esq. (State Bar No. 310619)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff GUILLERMO ROBLES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DUNKIN' BRANDS, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.* **[DUNKINDONUTS.COM]**<br><br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq.* **[DUNKINDONUTS.COM]** |

1

Plaintiff, GUILLERMO ROBLES ("Plaintiff"), alleges the following upon information and belief based upon personal knowledge:

## INTRODUCTION

1. Plaintiff is a blind individual who requires screen-reading software to read website content using his computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

2. Plaintiff brings this civil rights action against Defendant DUNKIN' BRANDS, INC. ("Defendant" or "Dunkin' Donuts") for its failure to design, construct, maintain, and operate its website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people. Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby and in conjunction with its physical locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA").

3. Because Defendant's website, DunkinDonuts.com (the "website" or "Defendant's website"), is not fully or equally accessible to blind and visually-impaired consumers in violation of the ADA, Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually-impaired consumers.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332.

5. This court has supplemental jurisdiction over Plaintiff's non-federal

claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims, they form part of the same case or controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction over Defendant because it conducts and continues to conduct a substantial and significant amount of business in the State of California, County of Los Angeles, and because Defendant's offending website is available across California.

7. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391 because Plaintiff resides in this District, Defendant conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

8. Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of Los Angeles. Plaintiff is a blind, visually-impaired, handicapped person, and a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

9. Plaintiff is informed and believes, and thereon alleges Defendant DUNKIN' BRANDS, INC. is a Delaware Corporation and has its principal place of business in Canton, Massachusetts. Defendant has been doing business in the State of California, including the Central District of California. Defendant operates thousands of its restaurants ("Dunkin' Donuts restaurants" or "Defendant's restaurants" hereinafter) across the nation. Hundreds of these restaurants are in the State of California, and several of these restaurants are located in the Central District of California. These Dunkin' Donuts restaurants constitute places of public accommodation. Defendant's restaurants provide to the public important goods and services. Defendant's website provides consumers with access to an array of goods

1  and services including restaurant locators, product descriptions, nutritional
2  information, perk club promotions, DD Card charging, Defendant's online store, and
3  other benefits related to these goods and services.
4       10.    The true names and capacities of the Defendants sued herein as DOES
5  1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such
6  Defendants by fictitious names. Each of the Defendants designated herein as a DOE
7  is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of
8  Court to amend this Complaint to reflect the true names and capacities of the DOE
9  Defendants when such identities become known.
10      11.    At all relevant times, each and every Defendant was acting as an agent
11 and/or employee of each of the other Defendants and was acting within the course
12 and/or scope of said agency and/or employment with the full knowledge and consent
13 of each of the Defendants. Each of the acts and/or omissions complained of herein
14 were alleged and made known to, and ratified by, each of the other Defendants
15 (Dunkin' Brands, Inc. and DOE Defendants will collectively be referred to hereafter
16 as "Defendant" or "Dunkin'").
17      12.    Defendant's restaurants are public accommodations within the
18 definition of Title III of the ADA, 42 U.S.C. § 12181(7).  DunkinDonuts.com is a
19 service, privilege, or advantage of Dunkin' Donuts restaurants.
20      13.    Defendant is subject to personal jurisdiction in this District. Defendant
21 has been and is committing the acts or omissions alleged herein in the Central
22 District of California that caused injury, and violated rights prescribed by the ADA
23 and UCRA, to Plaintiff and to other blind and other visually impaired-consumers.  A
24 substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in
25 the Central District of California.  Specifically, on several separate occasions,
26 Plaintiff has been denied the full use and enjoyment of the facilities, goods, and
27 services of Defendant's website in Los Angeles County.  The access barriers
28 Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full

and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website. Similarly, the access barriers Plaintiff encountered on Defendant's website have deterred Plaintiff from visiting Defendant's brick-and mortar stores.

### THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET

14. The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind and visually-impaired persons alike.

15. In today's tech-savvy world, blind and visually-impaired people have the ability to access websites using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen or displays the content on a refreshable Braille display. This technology is known as screen-reading software. Screen-reading software is currently the only method a blind or visually-impaired person may independently access the internet. Unless websites are designed to be read by screen-reading software, blind and visually-impaired persons are unable to fully access websites, and the information, products, and services contained thereon.

16. Blind and visually-impaired users of Windows operating system-enabled computers and devices have several screen reading software programs available to them. Some of these programs are available for purchase and other programs are available without the user having to purchase the program separately. Job Access With Speech, otherwise known as "JAWS," is currently the most popular, separately purchased and downloaded screen-reading software program available for a Windows computer.

17. For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind or visually-impaired user is unable to access the

same content available to sighted users.

18. The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published version 2.0 A and AA of the Web Content Accessibility Guidelines ("WCAG 2.0" hereinafter). WCAG 2.0 are well-established guidelines for making websites accessible to blind and visually-impaired people. These guidelines are followed by most large business entities who seek and so desire to ensure their websites are accessible to every consumer.

19. Inaccessible and non-compliant websites pose common access barriers to blind and visually-impaired persons. Common barriers encountered by blind and visually impaired persons include, but are not limited to, the following:

   a. A text equivalent for every non-text element is not provided;
   b. Title frames with text are not provided for identification and navigation;
   c. Equivalent text is not provided when using scripts;
   d. Forms with the same information and functionality as for sighted persons are not provided;
   e. Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;
   f. Text cannot be resized without assistive technology up to 200 percent without loss of content or functionality;
   g. If the content enforces a time limit, the user is not able to extend, adjust or disable it;
   h. Web pages do not have titles that describe the topic or purpose;
   i. The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;
   j. One or more keyboard operable user interface lacks a mode of

|   |   |   |
|---|---|---|
| | | operation where the keyboard focus indicator is discernible; |
| | k. | The default human language of each web page cannot be programmatically determined; |
| | l. | When a component receives focus, it may initiate a change in context; |
| | m. | Changing the setting of a user interface component may automatically cause a change of context where the user has not been advised before using the component; |
| | n. | Labels or instructions are not provided when content requires user input; |
| | o. | In content which is implemented by using markup languages, elements do not have complete start and end tags, elements are not nested according to their specifications, elements may contain duplicate attributes and/or any IDs are not unique; |
| | p. | Inaccessible Portable Document Format (PDFs); and, |
| | q. | The name and role of all User Interface elements cannot be programmatically determined; items that can be set by the user cannot be programmatically set; and/or notification of changes to these items is not available to user agents, including assistive technology. |

## FACTUAL BACKGROUND

20. Defendant offers the commercial website, DunkinDonuts.com, to the public. The website offers features which should allow all consumers to access the goods and services which Defendant offers in connection with its physical locations. The goods and services offered by Defendant include, but are not limited to the following, which allow consumers to: find information about the available food and coffee items Dunkin' Donuts offers at physical restaurant locations; locate Dunkin' Donuts restaurants; enroll Dunkin' Donuts' perk club; access and charge Dunkin' Donuts DD Card; review nutritional value information; and other services.

21. Based on information and belief, it is Defendant's policy and practice to

deny Plaintiff, along with other blind or visually-impaired users, access to Defendant's website, and to therefore specifically deny the goods and services that are offered and integrated with Defendant's restaurants. Due to Defendant's failure and refusal to remove access barriers to its website, Plaintiff and visually-impaired persons have been and are still being denied equal access to Dunkin' Donuts restaurants and the numerous goods, services, and benefits offered to the public through DunkinDonuts.com.

**Defendant's Barriers on DunkinDonuts.com Deny Plaintiff Access**

22. Plaintiff is a visually-impaired and legally blind person, who cannot use a computer without the assistance of screen-reading software. However, Plaintiff is a proficient user of the JAWS screen-reader and uses it to access the internet. Plaintiff has visited DunkinDonuts.com on several separate occasions using the JAWS screen-reader.

23. During Plaintiff's numerous visits to Defendant's website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public on Defendant's website. Due to the widespread access barriers Plaintiff encountered on Defendant's website, Plaintiff has been deterred, on a regular basis, from accessing Defendant's website. Similarly, the access barriers Plaintiff encountered on Defendant's website have deterred Plaintiff from visiting Defendant's brick-and-mortar restaurants.

24. While attempting to navigate DunkinDonuts.com, Plaintiff encountered multiple accessibility barriers for blind or visually-impaired people that include, but are not limited to, the following:

    a. *Lack of Alternative Text* ("alt-text"), or a text equivalent. Alt-text is invisible code embedded beneath a graphic or image on a website. Web accessibility requires that alt-text be coded with each picture so that screen-reading software can vocalize the alt-text where a sighted

user sees pictures. Alt-text does not change the visual presentation, but instead a text box shows when the cursor moves over the graphic or image. The lack of alt-text on these images or graphics prevents screen readers from accurately vocalizing a description of the graphic or image. As a result, visually-impaired Dunkin' Donuts customers are unable to determine what is on the website, browse, look for store locations, or have full and equal access to the goods and services offered on the Defendant's website and in connection with its restaurant locations;

b. *Empty Links That Do Not Contain Text* causing the function or purpose of the link to not be audibly presented to the user. This can introduce confusion for keyboard and screen-reader users navigating the website;

c. *Redundant Links* where adjacent links go to the same URL address which results in additional navigation and repetition for keyboard and screen-reader users; and

d. *Linked Images Missing Alt-text*, which causes problems if an image within a link does not contain text and that image does not have alt-text provided to the screen-reader user. A screen reader then has no content to present the user as to the function of the link, including information which may be contained in PDFs or linked to a PDF.

25. Recently in 2016, Plaintiff attempted to do business with Dunkin' Donuts on DunkinDonuts.com and Plaintiff encountered barriers to access on DunkinDonuts.com.

26. Despite past and recent attempts to do business with Dunkin' Donuts on its website, the numerous access barriers contained on the website and encountered by Plaintiff, have denied Plaintiff full and equal access to Defendant's website. Plaintiff, as a result of the barriers on Dunkin' Donuts' website, continues to be

deterred on a regular basis from accessing Defendant's website. Likewise, based on the numerous access barriers Plaintiff encountered on Defendant's website, Plaintiff has been deterred from visiting any of Defendant's brick-and-mortar restaurant locations and from making purchases at such physical locations.

## Defendant Must Remove Barriers To Its Website

27. Due to the inaccessibility of DunkinDonuts.com, blind and visually-impaired consumers such as Plaintiff, who need screen-readers, cannot fully and equally use or enjoy the facilities, goods, and services Dunkin' Donuts offers to the public on its website. The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website. In addition, the access barriers Plaintiff encountered on Defendant's website have deterred Plaintiff from visiting Dunkin' Donuts restaurant locations.

28. If DunkinDonuts.com was fully and equally accessible to all, Plaintiff could independently navigate these websites and complete a desired transaction as sighted individuals do.

29. Through his many attempts to use Defendant's website, Plaintiff has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

30. Because compliance with WCAG 2.0 Guidelines would provide Plaintiff and other visually-impaired consumers with full and equal access to DunkinDonuts.com, Plaintiff alleges that Dunkin' Donuts has engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

   a. Construction and maintenance of a website that is inaccessible to visually-impaired individuals, including Plaintiff;
   b. Failure to construct and maintain a website that is sufficiently intuitive so as to be fully and equally accessible to visually-impaired

    individuals, including Plaintiff; and,

  c. Failure to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually-impaired consumers, such as Plaintiff, a member of a protected class.

31. Dunkin' Donuts therefore uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others, as alleged herein.

32. The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

> "In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities….Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy. . ."

(42 U.S.C. § 12188(a)(2).)

33. Because Defendant's website has never been equally accessible, and because Defendant lacks a corporate policy that is reasonably calculated to cause its website to become and remain accessible, Plaintiff invokes the provisions of 42 U.S.C. § 12188(a)(2), and seeks a permanent injunction requiring Defendant to retain a qualified consultant acceptable to Plaintiff ("Agreed Upon Consultant") to assist Defendant to comply with WCAG 2.0 guidelines for its website. Plaintiff seeks that this permanent injunction require Defendant to cooperate with the Agreed Upon Consultant to:

  a. Train Defendant's employees and agents who develop the DunkinDonuts.com website on accessibility compliance by and using the WCAG 2.0 guidelines;

  b. Regularly check the accessibility of Defendant's website by and using the WCAG 2.0 guidelines;

  c. Regularly test user accessibility by blind or vision-impaired persons to ensure that Defendant's website is accessible or

otherwise complies under the WCAG 2.0 guidelines; and,

    d. Develop an accessibility policy that is clearly disclosed on its websites, with contact information for users to report accessibility-related problems and a mechanism for Defendant to have employees or agents who will promptly investigate, address and respond to individual who has reported the accessibility-related problem or problems.

34. If DunkinDonuts.com was accessible, Plaintiff and similarly situated blind and visually-impaired people could independently view the website's offerings, locate Dunkin' Donuts restaurants, and shop for and otherwise research related products available via Defendant's website and at Dunkin' Donuts restaurant locations.

35. Although Defendant may currently have centralized policies regarding the maintenance and operation of its website, Defendant lacks a plan and policy reasonably calculated to make its websites fully and equally accessible to, and independently usable by, blind and other visually-impaired consumers.

36. Without injunctive relief, Plaintiff and other visually-impaired consumers will continue to be unable to independently, equally and fully use Defendant's website in violation of their rights.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*. [DUNKINDONUTS.COM]

37. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

38. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

(42 U.S.C. § 12182(a).)

39.  Dunkin' Donuts restaurants are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). DunkinDonuts.com is a service, privilege, or advantage of Dunkin' Donuts restaurants.  DunkinDonuts.com is a service that is integrated with these locations.

40.  Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.  (42 U.S.C. § 12182(b)(1)(A)(i).)

41.  Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. (42 U.S.C. § 12182(b)(1)(A)(ii).)

42.  Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:
> "[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

(42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).)

43. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to DunkinDonuts.com, has not been provided services which are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

44. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* [DUNKINDONUTS.COM]

45. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

46. California Civil Code § 51 *et seq*. guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, Civil Code § 51 *et seq*.

47. Defendant's restaurants are "business establishments" within the meaning of the Civil Code § 51 *et seq*. Defendant generates millions of dollars in revenue from the sale of goods through its DunkinDonuts.com website. Defendant's website is a service provided by Defendant that is inaccessible to patrons who are blind or visually-impaired like Plaintiff. This inaccessibility denies blind and visually-impaired patrons full and equal access to the facilities, goods, and services

that Defendant makes available to the non-disabled public.  Defendant is violating the UCRA, Civil Code § 51 *et seq.*, by denying visually-impaired customers the goods and services provided on its website.  These violations are ongoing.

48. Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because Defendant has constructed a website that is inaccessible to Plaintiff, Defendant maintains the website in an inaccessible form, and Defendant has failed to take actions to correct these barriers.

49. Defendant is also violating the UCRA, Civil Code § 51 *et seq.* because the conduct alleged herein violates various provisions of the ADA, 42 U.S.C. § 12101 *et seq.*, as set forth above.  Section 51(f) of the Civil Code provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA.

50. The actions of Defendant violate UCRA, Civil Code § 51 *et seq.*, and Plaintiff is therefore entitled to injunctive relief remedying the discrimination.

51. Plaintiff is entitled to statutory minimum damages pursuant to Civil Code § 52 for each and every offense.

52. Plaintiff is also entitled to reasonable attorneys' fees and costs.

## PRAYER

**WHEREFORE, Plaintiff prays pray for judgment against Defendant, as follows:**

1. A Declaratory Judgment that, at the commencement of this action, Defendant was in violation of the specific requirements of Title III of the ADA 42 U.S.C. § 12181 *et seq.*, and the relevant implementing regulations of the ADA, for Defendant's failure to take action that was reasonably calculated to ensure that its websites are fully accessible to, and independently usable by, blind and visually-impaired individuals;

2. A preliminary and permanent injunction enjoining Defendant from

1  further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and/or the UCRA, Civil

2  Code § 51 *et seq.* with respect to its website, DunkinDonuts.com;

3      3.    A preliminary and permanent injunction requiring Defendant to take the

4  steps necessary to make DunkinDonuts.com readily accessible to and usable by

5  blind and visually-impaired individuals;

6      4.    An award of statutory minimum damages of $4,000 per violation

7  pursuant to § 52(a) of the California Civil Code;

8      5.    For attorneys' fees and expenses pursuant to all applicable laws

9  including, without limitation, pursuant to 42 U.S.C. § 12188(a)(1), and California

10  Civil Code § 52(a);

11      6.    For pre-judgment interest to the extent permitted by law;

12      7.    For costs of suit; and

13      8.    For such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: February 8, 2017        **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
    Joseph R. Manning Jr., Esq.
    Michael J. Manning, Esq.
    Caitlin J. Scott, Esq.
    Tristan P. Jankowski, Esq.
    Attorneys for Plaintiff